IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Henry Brown, as parent and legal guardian of G.B., | Civil Action No.: 3:25-2597-MGL |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| The United States of America, | |
| Defendant. | |

The Plaintiff, complaining of the Defendant above-named, hereby alleges and pleads as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. Jurisdiction is founded on 29 U.S.C. §§1346(b).

2. In accordance with 28 U.S.C. § 1391, venue is proper in the Columbia Division of the District of South Carolina as a substantial part of the events giving rise to the claim occurred there.

3. This suit arises from an incident that occurred at the Weston Lake Recreation Area of Fort Jackson in Columbia, South Carolina on September 29, 2023.

4. On March 18, 2024, the Plaintiff submitted a claim for $500,000.00, based on the allegations herein, to the Office of the Staff Judge Advocate for administrative settlement. The Office of the Staff Judge Advocate did not expressly deny the claim and six months have passed. Accordingly, Plaintiff has complied with the requirements of the Federal Tort Claims Act for the timely filing of claims and hereby institutes the present lawsuit.

1

**PARTIES**

5. The Plaintiff is a resident of the County of Richland, South Carolina. Plaintiff is the father and legal guardian of G.B., a minor under the age of 18.

6. The United States Army is, and was at all times relevant herein, a governmental agency of Defendant United States of America. Pursuant to the requirements of the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., Defendant United States of America is the properly named defendant in this lawsuit.

**FACTUAL FOUNDATION FOR THIS ACTION**

7. On September 29, 2023, the minor G.B. was visiting a cabin with her family located at the West Lake Recreation Area on Fort Jackson in Columbia, South Carolina.

8. At the time and place above, the minor was walking on the cabin decking when a piece of rotten wood failed, causing G.B. to fall violently in between pieces of the wooden decking.

9. Defendant owned, operated, maintained, and/or managed the cabin where the incident occurred.

10. G.B. was a business invitee at the cabin on September 29, 2023.

11. Defendant failed to properly maintain the cabin, including the wooden decking of the cabin.

12. Defendant failed to properly inspect the cabin, including the wooden decking of the cabin.

13. Defendant failed to properly repair the cabin, including the wooden decking of the cabin.

14. Defendant failed to properly warn G.B. of any hazards at the property, including the rotten and defective wood of the cabin decking.

15. G.B. had no knowledge that the wooden decking at the cabin was in a defective and dangerous condition.

16. G.B. had no knowledge that the wooden decking at the cabin was a hazard.

17. Defendant had actual knowledge prior to September 29, 2023, that the decking of the cabin was in a hazardous and dangerous condition.

18. Defendant had constructive knowledge prior to September 29, 2023, that the decking of the cabin was in a hazardous and dangerous condition.

19. Defendant, its employees, agents, and/or servants, created the hazard and dangerous condition that injured G.B. on September 29, 2023.

20. Defendant failed to remedy the hazard and dangerous condition prior to the incident on September 29, 2023.

21. The hazardous and dangerous condition of the decking at the cabin was the actual and proximate cause of the incident on September 29, 2023.

22. The hazardous and dangerous condition of the decking at the cabin was the actual and proximate cause of G.B.'s injuries and damages.

23. As a direct and proximate result of this incident, the hazard, and the dangerous condition of the cabin, and the components of the cabin, and the acts and/or omissions of Defendant, G.B. sustained injuries which have caused her to suffer and endure considerable pain and discomfort. Plaintiff has been compelled to expend significant sums of monies for medical treatments and for the services of doctors under whose care G.B. has been. G.B. has suffered permanent scarring, discoloration, and has been prevented from attending to her ordinary affairs and duties.

24. As a direct and proximate result of this incident, the hazard, and the dangerous condition of the cabin, and the components of the cabin, and the acts and/or omissions of Defendant, G.B. has suffered pain, suffering, loss of enjoyment of life, actual damages, scarring, disfigurement, mental anguish, and emotional distress.

## FOR A FIRST CAUSE OF ACTION
### (Negligence)

25. Plaintiff restates and realleges each and every allegation as if repeated herein verbatim.

26. G.B. was an invitee at the Property at the time of the incident on September 29, 2023

27. Defendant had a duty to exercise reasonable or ordinary care for G.B.'s safety as an invitee or guest at the Property.

28. Defendant had a duty to use reasonable care to prevent G.B. from suffering bodily injury at the property.

29. Defendant owed G.B. a duty of due care to discover risks and take safety precautions to warn of or eliminate the hazard and the dangerous condition of the property and components of the cabin.

30. Defendant breached the duties owed to G.B. and failed to remedy the hazard and the dangerous condition or warn G.B. of the hazard.

31. Prior to the incident, Defendant had actual and/or constructive knowledge that the cabin was in a hazardous and dangerous condition.

32. Defendant, its employees, servants, contractors and/or agents was negligent, careless, reckless, grossly negligent, willful and wanton in the following particulars:

    a. In failing to maintain adequately safe conditions on the premises;

    b. In failing to protect G.B. from the hazard and dangerous condition;

    c. In failing to take remedial action to eliminate the hazard and dangerous condition;

    d. In failing to install adequate protections in and around the area in which G.B. was injured;

e. In failing to post appropriate warnings regarding the hazard and dangerous condition that caused the incident;

f. In failing to follow established safety procedures, or alternatively, in failing to have safety procedures;

g. In failing to properly maintain the cabin and components of the cabin;

h. In failing to properly inspect the cabin and components of the cabin;

i. In failing to properly install, maintain, replace, inspect, or repair the cabin and components of the cabin;

j. In failing to use reasonable care to keep the cabin in a reasonably safe condition;

k. In failing to follow policies and procedures for ensuring that the cabin was safe for visitors;

l. In failing to discover the unreasonably dangerous condition that caused G.B.'s injuries and damages;

m. In failing to discover risks and take safety precautions to warn of or eliminate unreasonable risks;

n. In failing to have in place policies and procedures to properly hire, train, supervise and/or retain its employees, agents and/or servants, or if such procedures were in place, in failing to enforce them;

o. In failing to ensure that its employees and agents had the proper training and experience to be able to discover and/or remove dangerous conditions, warn of dangerous conditions, and provide for the safety of users of the cabin; and

   p.  In such other and further particulars as may be ascertained during the course of discovery or trial of this case.

All of which combined to proximately cause the injuries and damages suffered by Plaintiff and G.B.

33. Defendant is vicariously liable for the negligence, acts, and/or omissions of its employees, contractors, agents and/or servants.

34. Defendant's careless, negligent, grossly negligent, and reckless acts were a direct and proximate cause of the incident and the resulting injuries and damages to Plaintiff and G.B., including physical injury, harm, medical expenses, past and future physical and mental pain and suffering, scarring, discoloration, emotional and psychological damage, and loss of enjoyment of life.

35. Plaintiff seeks actual damages under this cause of action.

36. Defendant is vicariously liable for the acts and/or omissions, negligence, and recklessness of Defendant's driver under the doctrine of respondeat superior.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for actual damages, including damages for physical injury and harm, past and future medical expenses, past and future physical and mental pain and suffering, emotional and psychological damage, loss of enjoyment of life, the costs of this action, and for any additional relief this Court deems just and proper.

*(Signature page to follow.)*

Respectfully Submitted,

**HEWETT & DIAMADUROS, LLC**

By:	/s/ Brad D. Hewett
Brad D. Hewett
Fed. Id. No. 10388
2010 Gadsden Street (29201)
Post Office Box 6
Columbia, South Carolina 29202
Telephone: (803) 999-4372
Direct: (803) 461-2154
Facsimile: (803) 753-9677
Email: brad@hdlawsc.com
Attorney for Plaintiff